|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| 3   |     |     |
| 4   |     |     |
| 5   |     |     |
| 6   |     |     |
| 7   |     |     |
| 8   | UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
| 9   |     |     |
| 10  | ROY A. DAY, | ORDER DISMISSING COMPLAINTS |
| 11  | Plaintiff, |     |
| 12  | v.  | CASE NO. 14-cv-367RSM |
| 13  | STATE OF FLORIDA, et al., |     |
| 14  | Defendants. |     |
| 15  | ROY A. DAY, | Case NO. 14-cv-369RSM |
| 16  | Plaintiff, |     |
| 17  | v.  |     |
| 18  | STEVE E. IBISON, |     |
| 19  | Defendant. |     |
| 20  | ROY A. DAY, | Case NO. 14-cv-377RSM |
| 21  | Plaintiff, |     |
| 22  |     |     |
| 23  | v.  |     |
| 24  | DETECTIVE DANIEL TONER, et al. |     |

ORDER DISMISSING COMPLAINTS - 1

| | |
|---|---|
| ROY A. DAY, <br><br> Plaintiff <br><br> v. <br><br> DANIEL DISKEY, et al. <br><br> Defendants. | Case NO. 14-378RSM |
| ROY A. DAY, <br><br> Plaintiff <br><br> v. <br><br> SHERIFF BOB WHITE, et al. <br><br> Defendants. | Case NO. 14-379RSM |
| ROY A. DAY, <br><br> Plaintiff <br><br> v. <br><br> WAL-MART STORES, INC., et al., <br><br> Defendants. | Case NO. 14-380RSM |
| ROY A. DAY, <br><br> Plaintiff <br><br> v. <br><br> DEBRA ROBERTS, et al., <br><br> Defendants. | Case No. 14-381RSM |

Plaintiff Roy A. Day, a resident of the State of Florida, filed the above-captioned seven lawsuits in this Court on March 11 and March 13, 2014. Plaintiff appears *pro se* and has been given leave to proceed *in forma pauperis*. Mr. Day has filed identical motions to consolidate each "companion" case with Case No. 14-367, which he refers to as the "controlling" and "lead case" among this suite of actions. *See, e.g.*, Case No. 14-378, Dkt. # 6. Plaintiff has additionally filed under each case identical Motions to Disqualify Judges in the Eleventh Circuit and for Change of Venue (*see, e.g.*, Dkt. # 7), as well as Motions for Temporary Restraining Order, Preliminary Injunction, and Emergency Ruling on the Pending Motions under Case No. 14-367. *See* Case No. 14-367, Dkt. ## 7, 8. For the reasons discussed herein, the Court screens and dismisses Plaintiff's complaints with prejudice pursuant to 28 U.S.C. § 1915(e). The Court further orders Plaintiff to show cause why a pre-filing Order should not be entered enjoining him from filing related lawsuits in light of his history of abusive, vexatious litigation.

**Background**

Plaintiff, Roy A. Day, is a resident of the State of Florida. Plaintiff was employed at a Wal-Mart store in Hudson Florida when, in 2009, a co-worker accused him of stalking her. Mr. Day's employment was terminated and he was arrested by the Pasco County Sheriff's Office and charged with criminal misdemeanor stalking. *See State v. Day*, Crim. No. 09-4772MMAWS. Plaintiff was tried, convicted, and sentenced to 300 days in the Pasco County Detention Center. *See In re Roy Day Litigation*, 2011 WL 550207, *2 (M.D. Fla. 2011).

In 2011, Plaintiff submitted five complaints arising from these circumstances with the United States District Court for the Middle District of Florida. United States Magistrate Judge Thomas G. Wilson screened and dismissed four of the cases for frivolousness while permitting

Mr. Day to file an amended complaint for the fifth complaint against the Pasco County Detention Center. *See In Re Roy Day Litigation*, 2011 WL 550207 at \*\*3-4. In the course of dismissing the complaints, Judge Wilson recounted Mr. Day's extensive history of vexatious and abusive litigious activities in the Middle District of Florida and the efforts taken by the District to stem his tide of frivolous filings.

On December 15, 1995, United States District Judge Steven D. Merrday entered an order recommending that any proposed filings be screened to determine whether the filing was frivolous or abusive. *See In Re Roy Day LItigaiton*, 976 F.Supp. 1455 (M.D. Fla. 1995). The order pointed out that Mr. Day had filed over 62 lawsuits in the district in the six proceeding years, with filings containing "vile, abusive, and racist comments." *Id.* at 1457-58. On December 18, 1995, the Chief Judge for the Middle District of Florida adopted the recommendations and provided for the imposition of a sanction not less than $1,000 if a proposed complaint is found to be frivolous. *See In re Roy Day Litigation*, Case No. 95-143-MISC-J (Dec. 21, 1995). As a result of Plaintiff's continued filings, the court imposed $4,000 in sanctions for four attempted frivolous complaints. *See In re Roy Day Litigation*, 2011 WL 550207, at \*1. Undeterred, Plaintiff continued filings complaints, which resulted in an order directing the Clerk of the Court to cease accepting any future filings until Plaintiff satisfied the monetary sanctions. *Id.*

A ten year-respite followed before Plaintiff began submitting the instant complaints. In dismissing them from the Middle District of Florida, Judge Wilson noted that "Day's submission of a pile of materials has again damaged the judicial system" and warned that "this deviation from the policy of no screening until the sanctions are paid will not be repeated." *Id.* at \*\*6-7. In an "apparent effort to avoid the effect the Florida sanctions have upon his efforts to file lawsuits there," Plaintiff submitted the identical five complaints filed in Florida District Court with the

U.S. District Court for the District of Delaware on December 17, 2012. *See Day v. White, et al.*, Case No. 12-1719-LPS. Several weeks prior, on November 26, 2012, Plaintiff had filed two additional lawsuits with the District of Delaware also related to Plaintiff's stalking conviction and subsequent incarceration: one against the State of Florida and one against FBI agent Steve E. Ibison. *See* Case Nos. 12-1566-LPS, 12-1567-LPS. A review of the cases reveals them to be the same seven cases, together with identical motions to consolidate, to disqualify judges, and for emergency relief, that Plaintiff filed with this Court and which form the subject of the instant Order.

The District of Delaware dismissed all seven of Plaintiff's cases pursuant to 28 U.S.C. §1915 as frivolous and malicious, for failure to state a claim, and as time-barred or barred by Eleventh Amendment immunity. *See* Case No. 12-1719, Dkt. # 7 (Apr. 8, 2013); Case No. 12-1566, Dkt. # 17 (Apr. 8, 2013); Case No. 12-1567, Dkt. # 22 (Apr. 8, 2013). The Third Circuit affirmed all seven dismissals on appeal. *See Day v. Toner*, 530 Fed.Appx. 118 (3d Cir. 2013); *Day v. Florida*, 530 Fed.Appx. 134 (3d Cir. 2013); *Day v. Ibison*, 530 F3d.Appx. 130 (3d Cir. 2013). The district court additionally issued an order to show cause why Plaintiff should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus in an effort to avoid sanctions imposed by the Middle District of Florida or related to the criminal misdemeanor stalking case filed against him on July 6, 2009. Although Plaintiff responded to the show cause order, the court found that his responses failed to address the court's concerns and instead spoke to the issues of jurisdiction and right to appeal. *See* Case No. 12-1718, Dkt. # 20, p. 4 (July 27, 2013). The court accordingly issued an order enjoining Plaintiff from filing a case on related grounds without prior authorization of the Court. *Id.*

Having had his identical set of complaints dismissed by at least two U.S. District Courts and faced with bar orders enjoining similar filings, Mr. Day now tries his luck with the Western District of Washington. The seven instant cases involve: (1) the State of Florida, described as a criminal appeal of Case No. 09-4772MMAWS, Pasco County, Florida, with all remedies in the Florida criminal courts having been exhausted (Case No. 14-367RSM); (2) F.B.I. agent Steve E. Ibison, special agent-in charge of the Tampa, Florida F.B.I. office, for alleged violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 and conspiracy under 42 U.S.C. § 1985 (Case No. 14-369RSM); (3) Pasco County Sheriff's Department, Detective Daniel Toner, and Donna H. Newton, also for alleged constitutional violations pursuant to 42 U.S.C. § 1983 and § 1985 (Case No. 14-377); (4) Florida State Court Judge Daniel Diskey, his judicial assistant, and an attorney representing the stalking victim, pursuant to 42 U.S.C. § 1983 and § 1985 (Case No. 14-378); (5) Sheriff Bob White, Pasco County Sheriff's Department, and Major Brian Head challenging conditions of Plaintiff's confinement at the Pasco County Detention Center pursuant to 42 U.S.C. § 1983 and conspiracy under 42 U.S.C. § 1985 (Case No. 14-379); (6) Wal-Mart Stores, Inc. and Plaintiff's supervisor, purportedly as a class-action suit, asserting age discrimination and negligence (Case No. 14-380); and (7) ten defendants including judges, prosecutors, jurors, and others involved in the state court stalking case, seeking damages related to Plaintiff's conviction (Case No. 14-381). The instant Order considers all seven cases.

## **Legal Standards**

A plaintiff "must plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this pleading requirement is to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this pleading standard, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and would therefore allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all "well-pleaded factual allegations" in the complaint. *Id.* at 679. However, the court is not bound to accept as true labels, formulaic recitations of elements of a claim, or legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. A complaint must do more than "tender[] naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). *See also*, *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984); *Yacoub v. U.S.*, 2007 WL 2745386 (W.D. Wash. 2007). This provision mandating dismissal applies to all *in forma pauperis* actions, whether or not the Plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000)(en banc). The Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes the complaint in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007)("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.")(internal quotation omitted).

A complaint is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328-90 (1989). Pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), a court may dismiss a claim that is based on an "indisputably meritless legal theory" or claims based on "clearly baseless" factual contentions, such as those "describing fantastic or delusional scenarios." *Id.* at

1  327. It is appropriate for a court to dismiss a claim as factually frivolous "when the facts rise to
2  the level of the irrational or wholly incredible, whether or not there are judicially recognized
3  facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

4  "A separate standard for maliciousness is not well-established." *Young v. Spizman*, 2008
5  WL 678674, *2 (W.D. Wash. 2008); *Abdul-Adkbar v. Dept. of Corr.*, 910 F.Supp.986 (D. Del.
6  1995), *aff'd*, 111 F.3d 125 (3d Cir.). Various Circuits have offered objective instances of
7  malicious claims. *C.f. Deutsch v. United* States, 67 F.3d 1089, 1091-92 (3d Cir. 1995)(a district
8  court "must engage in a subjective inquiry into the litigant's motivations at the time of the filing
9  of the lawsuit to determine whether the action is an attempt to vex, to injure, or harass the
10 defendants.") For instance, a district court may dismiss a complaint if it threatens violence or
11 contains disrespectful references to the court. *See Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir.
12 1981). A court may also dismiss a complaint as malicious if it is plainly abusive of the judicial
13 process or merely repeats pending or previously litigated claims. *Id.*; *Van Meter v. Morgan*, 518
14 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972); *Young*, 2008 WL
15 678674, at *3 (dismissing litigation as frivolous on the grounds that it "raises claims already
16 litigated and lost.").

17 District courts are also required to dismiss an *in forma pauperis* action that fails to state a
18 claim for which relief can be granted. *See Lopez*, 203 F.3d at 1127. The legal standard for
19 dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B)(ii) parallels
20 that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6). *Id.* When
21 dismissing a complaint under section 1915(e), the court gives *pro se* plaintiffs leave to amend
22 unless "it is absolutely clear that the deficiencies of the complaint could not be cured by
23 amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995)(affirming dismissal of
24

frivolous complaint without leave to amend); *see Lopez*, 203 F.3d at 1124 (holding that district courts retain discretion to determine whether to grant leave to amend when dismissing complaint under 28 U.S.C. § 1915(e) for failure to state a claim).

## Analysis

As an initial matter, the Court notes that all of Plaintiff's complaints have been previously litigated and dismissed on at least one occasion. Plaintiff clearly brings them to the Western District of Washington to circumvent bar orders issued by other U.S. District Courts as a result of a history of abusive and vexatious filings. The instant complaints further abuse the judicial process and raise claims already litigated and lost. They are therefore all subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious. *See, e.g.*, *Crisafi*, 655 F.2d at 1309. They are also all subject to dismissal under the individual grounds that follow.[1]

**1) Case No. 14-367**

The sole Defendant in Case No. 14-367 is the State of Florida. Plaintiff's claims, brought under 42 U.S.C. § 1983, present grievances related to Plaintiff's criminal conviction in Pasco County. Indeed, Plaintiff stylizes his complaint as a "criminal appeal" of the Florida trial court's decision in Case No. 09-4772MMAWS. He alleges that he has been denied meaningful access to the Florida courts because he is "a pauper and homeless with no money for an unconstitutional $4,000 filing fee." Dkt. # 1, p. 2.

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from suit brought in federal court by one of its own citizens as well as citizens of another state, regardless of the relief sought. *See Seminole Tribe of Fla. V. Florida*,

---

[1] Although the Court does not dismiss the lawsuits sua sponte on these grounds, the Court also notes that the cases are improperly venued in the Western District of Washington and the Court lacks personal jurisdiction over most, if not all, of the Defendants. *See* Fed. R. Civ. P. 12(b)(2),(3).

517 U.S. 44, 54 - 58 (1996); *Edelman v. Jordan*, 415 U.S. 651 (1974). The United States Supreme Court has explained that the Eleventh Amendment thereby "serves to avoid the indignity of subjecting a State to the coercive process of judicial tribunals at the insistence of private parties." *Seminole Tribe*, 517 U.S. at 58 (internal quotations omitted). The Eleventh Circuit has determined that Congress did not intend to abrogate a state's Eleventh Amendment immunity in suits under 42 U.S.C. § 1983, and that Florida has not waived its sovereign immunity in such suits. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).

The Court accordingly dismisses Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(iii) as Defendant is immune from suit.[2] *See Day v. State of Florida*, Case No. 12-1567 (Apr. 8, 2013)(dismissing identical complaint as barred by Florida's sovereign immunity); *Gross v. White*, 340 Fed.Appx. 527, 530 (11th Cir. 2009). Because this defect is fatal to Plaintiff's complaint and cannot be cured by amendment, Plaintiff's action is dismissed with prejudice, and all pending motions are denied as moot.

**2)  Case No. 14-369**

Plaintiff brings claims against F.B.I. agent Steve E. Ibison for alleged violations of his constitutional rights under 42 U.S.C. § 1983 and conspiracy under 42 U.S.C. § 1985. Plaintiff alleges that Ibison failed to perform an investigation or contact Plaintiff following his December 6, 2010 complaint to the F.B.I. concerning his allegedly false imprisonment in the Pasco County Detention Center and alleged criminal conduct by judicial officials. *See* Dkt. # 4, p. 3. Plaintiff also alleges that Ibison engaged in a conspiracy with unnamed "agents and servants and co-conspirators" to deprive him of his constitutional rights.

---

[2] As to the allegedly unconstitutional $4000 filing fee, the Court also notes that this was not a fee, but rather a fine that the U.S. District Court for the Middle District of Florida imposed as a result of Plaintiff's history of vexatious and harassing filings. Moreover, the Middle District of Florida screened and dismissed Plaintiff's complaints pertaining to his criminal misdemeanor case notwithstanding a bar order and the unpaid fine.

To state a claim under 42 U.S.C. § 1983, Plaintiff's complaint must allege that 1) Defendant acted under state authority, or color of state law, and 2) his conduct deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is only an appropriate avenue to remedy the alleged wrong if both of these essential elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff has failed to make this showing. *See Day v. Ibison*, Case No. 12-1566 (Apr. 8, 2013). His complaint does not allege that Ibison was acting under the color of state law in failing to investigate Plaintiff's December 3, 2010 complaint. Indeed, Ibison, an F.B.I. agent, is a federal and not a State actor. By the very terms of the statute, § 1983 precludes liability against federal government actors. *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997). Federal officials are only liable under § 1983 where there is a "sufficiently close nexus between the State and the challenged action of the [federal actors] so that the action of the latter may be fairly treated as that of the State itself." *Ibrahim v. Dept. of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008)(quoting *Cabrera v. Martin*, 973 F.2d 735, 744 (9th Cir. 1992)). Mr. Day states claims solely against Ibison as a federal actor and alleges no nexus between him and the State or local government that would permit the Court to treat Ibison's actions as those of the State itself. According, the § 1983 actions against Mr. Ibison are not cognizable.

To the extent that Plaintiff seeks to challenge the fact or duration of his confinement, his sole federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Plaintiff's action is thus also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that a plaintiff could not recover damages under § 1983 for alleged

wrongful incarceration unless he proves that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See also*, *Butterfield v. Bail*, 420 F.3d 1023, 1025 (9th Cir. 1997). Plaintiff has neither alleged nor proven that his conviction or sentence was reversed or invalidated. To the extent that he seeks to challenge his conviction and/or confinement, his claim cannot yet be maintained. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995)(affirming dismissal without prejudice of § 1983 action barred by *Heck*).

In light of the Court's obligation to construe the pleadings of *pro se* plaintiffs liberally, the Court also considers whether Mr. Day states a claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Walker v. Schult*, 717 F.3d 119, 123 n. 5 (2d Cir. 2013)(construing action against federal officials brought *pro se* under 42 U.S.C. § 1983 as a *Bivens* action). Parallel to a § 1983 claim, Plaintiff must establish two elements to bring a private right of action under *Bivens* and its progeny: 1) that a right secured by the Constitution or laws of the United States was violated, and 2) that the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Here, Mr. Day claims that due to Ibison's "illegal conduct of pushing [his] FBI complaint under the rug," he was denied due process and equal protection of the law in violation of his Fifth Amendment Rights and was subject to cruel and unusual punishment in violation of the Eighth Amendment. Dkt. # 4, p. 4.

To the extent that Plaintiff pursues a *Bivens* action, his complaint still fails to state a plausible claim for relief because he has not minimal facts sufficient to state a constitutional violation. To establish a Fifth Amendment due process claim, Plaintiff must show that the

government deprived him of a liberty or property interest without notice or a meaningful opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 348 (1976). Plaintiff's claim that Ibison failed to respond to his FBI complaint does not amount to a violation of his Fifth Amendment due process rights. *See Day v. Ibison*, 530 Fed.Appx. at 133. Plaintiff's complaint also failed to allege facts sufficient to state an equal protection claim, as he has not alleged that he was treated differently from others who were similarly situated. *See McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999)(equal protection violation requires petitioner to show that similarly situated people are treated differently); *Reeb v. Thomas*, 636 F.3d 1224, 1228 n. 4 (9th Cir. 2011) (petitioner's equal protection claim fails because he did not present facts demonstrating differential treatment). Plaintiff's complaint also entirely fails to plead facts in support of an Eighth Amendment claim for cruel and unusual punishment. "To sustain an Eighth Amendment claim, the plaintiff must prove a denial of 'the minimal civilized measure of life's necessities." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996)(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Plaintiff's claim against Ibison is that he ignored his complaint, not that he deprived him of the "minimal civilized measure of life's necessities" while Plaintiff was incarcerated.

   Plaintiff's claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985 is inadequately pled and frivolous. Plaintiff fails to provide any detail to enable the Court to discern which of the three sections of 42 U.S.C. § 1985 he brings his claim under. Plaintiff merely alleges a legal conclusion in a conclusory manner, entirely unsupported by facts. Indeed, the complaint fails to allege any overt acts by the unnamed Defendants or show any link between actions by Defendant and the claimed deprivation.

ORDER DISMISSING COMPLAINTS - 13

The Court accordingly dismissed Case No. 14-369 as frivolous and malicious and for failure to state a claim on which relief can be granted. 28 U.S.C. § 1914(e)(2)(B)(i),(ii). As defects cannot be cured by amendment, Plaintiff's complaint is dismissed with prejudice.

**3)     Case No. 14-377**

Plaintiff's complaint against the Pasco County Sheriff's Office, the Pasco County detective who investigated the stalking charge, and the woman who made the charge of stalking alleges violations of 42 U.S.C. § 1983 and § 1985 in similarly conclusory terms. The Court concurs with the Middle District of Florida and the District of Delaware that Plaintiff's complaint must be dismissed with prejudice as frivolous and malicious. *See In re Roy Day LItigaiton*, 2011 WL 550207 ("This complaint is not only frivolous, it is outrageous); *Day v. White, et al.*, Case No. 12-1719 (Apr. 8, 2013). Again, there is no indication that Plaintiff's conviction has been reversed, expunged, or declared invalid. His action for damages under 42 U.S.C. § 1983 is therefore barred by *Heck v. Humphrey*, 512 U.S. at 486-87. He again fails to state any facts in support of his 42 U.S.C. § 1985 allegation. The Court also notes that the complaint contains abusive and malicious language, calling the victim a "whore," "lesbian," "devil," "Grinch," "Frankenstein," and "Witch Magrit." His malicious complaint manifests an obvious intention to harass the Defendants and demeans the integrity of this Court.

**4)     Case No. 14-378**

Plaintiff's complaint under Case No. 14-378 concerns the issuance of an injunction against Day in a suit brought by the stalking victim in Pasco County Circuit Court. His allegations against the Judge that issued the injunction, his judicial assistant, and the attorney representing the victim are also dismissed with prejudice as frivolous and malicious and as seeking monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

As Plaintiff has been told on multiple occasions, the Defendant Judge is shielded from suit under the doctrine of judicial immunity. "[A] judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978)(internal quotations omitted). As a consequence, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts…are alleged to have been done maliciously or corruptly." *Id.* at 355-56 (internal quotations omitted). A judge is immune from suit if "at the time he took the challenged action he had jurisdiction over the subject matter before him." *Id.* at 356. Plaintiff does not allege that the Defendant Judge lacked jurisdiction but rather accuses the Judge of conspiring to falsely imprison him. Plaintiff's claims against the Judge are therefore barred. The judicial assistant is likely also covered by judicial immunity, and the complaint, in any event, is entirely devoid of facts as to her supposed infringing activities. The victim's attorney is privileged from suit under Florida law in connection with his actions representing the victim in the underlying matter. *See Delmonico v. Trayner,* 116 So.3d 1205 (Fla. 2013); *Williams v. Carney*, 157 Fed.Appx. 103, 107-8 (11th Cir. 2005)(absolute privilege "bars tort claims based on the counsel's conduct during the course of litigation"). The complaint also lacks any facts regarded his infringing conduct.

   **5) Case No. 14-379**

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at Pasco County Detention Center as well as a conspiracy claim under 42 U.S.C. § 1985 for acts that allegedly occurred while he was incarcerated. Plaintiff accuses Defendants of establishing a "cesspool of mismanagement," depriving him of adequate food, and excessively

air conditioning the facility. He also asserts that guards were corrupt and set up inmates to be attacked. While some of these allegations are clearly frivolous, all of them are time-barred.

The statue of limitations for claims arising under § 1983 and § 1985 are borrowed from the forum state's personal injury statute. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). After several rounds of forum-shopping, Plaintiff has now selected Washington as the forum state to file his lawsuits. In Washington, Plaintiff's § 1983 and § 1985 claims are subject to a three-year limitations period provided by RCW 4.16.080(2). *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758 (9th Cir. 1991)( applying the three-year statute of limitations to 42 U.S.C. § 1983 and *Bivens* actions brought in Washington). A federal claim accrues, and the statute of limitations begins to run, when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *Norco Construction, Inc. v. King County*, 801 F.2d 1143, 1145 (9th Cir. 1986)). Plaintiff was incarcerated in Land O'Lakes Florida from October 9, 2009 through August 6, 2010. It is evident from the face of his complaint that his claims are barred by the three-year limitations period, and Plaintiff has not argued for a stay of the limitations period or alleged any facts that would merit tolling. As Plaintiff cannot state a claim on which relief may be granted, his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As Plaintiff brings this claim after having twice litigated it and lost, the Court now denies it with prejudice as malicious.

**6) Case No. 14-380**

Plaintiff's complaint against Wal-Mart and his former supervisor is frivolous. Plaintiff purports to bring the case as a class action but, as the Middle District of Florida found, is clearly incapable of fairly and adequately representing the class. *See* Fed. R. Civ. P. 23(a)(4); *In re Roy Day Litigation*, 2011 WL 550207 at *2. On the merits, Plaintiff fails to state a claim for age

discrimination as he has entirely neglected to identify a comparator population. *See Blair v. Alaskan Copper and Brass Co.*, 2009 WL 2029963, *7 ("[T]he 'similarly situated' analysis is stringent."); *Brillinger v. City of Lake Worth*, 317 Fed.Appx. 871 (11th Cir.). His claim for disability discrimination also fails as he has not put forth evidence that he is "disabled" within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12112(a). To the contrary, Plaintiff describes himself as "in excellent health at the age of sixty-four (runs one hour each day, and performs negative resistive exercise daily, along with proper nutrition)." Dkt. # 4, p. 9. Finally, Plaintiff's complaint is rife with scandalous and impertinent material, including references to his supervisor as a "'high school' 'bully and thug'" and to Wal-Mart employees as "derelicts, drug addicts, alcoholics, tattoo freaks, whores, [and] lesbians." Such degrading commentary, coupled with the frivolous and malicious claims, justifies the dismissal of his complaint with prejudice.

**(7) Case No. 14-381**

Plaintiff's 49-page complaint brings claims under 42 U.S.C. § 1983 and § 1985 against ten defendants, including state and federal judges, a prosecutor, the attorney who defended Day in his state appeal, two court reporters, and a juror who was part of the panel that considered Day's appeal. As previously stated, Plaintiff's complaints under 42 U.S.C. § 1983 and § 1985 pertaining to his 2009 trial and incarceration are time-barred, the five judges are entitled to immunity from suit, and the prosecutor and defense lawyer are immune under Florida's litigation privilege. The juror too is immune from suit. *White v. Hegerhorst*, 418 F.2d 894, 895 (9th Cir. 1969), *cert. denied*, 398 U.S. 912 (1970). The complaint also fails to allege any facts that would support a claim against the court reporters. The lawsuit is further barred under *Heck* to the extent that it seeks damages related to Day's conviction for stalking. The complaint is accordingly

dismissed with prejudice as frivolous and malicious and for seeking monetary relief against immune defendants.

### **Show Cause**

As discussed supra, Plaintiff has manifested an extensive history of filing abusive and vexatious litigation in multiple U.S. District Courts. Since the criminal misdemeanor stalking case was filed against him on July 6, 2009, Plaintiff filed five complaints stemming from it in the U.S. District Court for the Middle District of Florida and seven complaints in the District of Delaware, all of which were dismissed as frivolous and which resulted in orders enjoining him from filing related litigation in both Districts. Plaintiff has now filed these same seven lawsuits in the Western District of Washington in a transparent attempt to evade the $4,000 sanction imposed against him by the Middle District of Florida and in the hopes of receiving more favorable treatment than he garnered by the District of Delaware. The Court, for the third time, screens and dismisses the cases pursuant to 28 U.S.C. § 1915(e).

The All Writs Act, 28 U.S.C. § 1651(a), grants the district court inherent power to enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Because such orders "tread on a litigant's due process right of access to the courts," courts issue pre-filing orders only upon careful consideration and in rare circumstances. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). The Ninth Circuit Court of Appeals has established four factors that district courts must consider prior to entering a pre-filing order. *De Long*, 912 F.2d at 1147. First, the litigant must be given

notice and an opportunity to respond to the order before it is issued to satisfy the requirements of due process. *Id.* Second, the court must compile "an adequate record for review." *Id.* at 1148. Third, the court must make substantive findings about whether plaintiff's litigation is frivolous or harassing. *Id.* Fourth, the pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id.*

The Court accordingly ORDERS Mr. Day to SHOW CAUSE, in writing, within <u>forty-five (45) days</u> of this Order why he should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus in the United States District Court for the Western District of Washington 1) in an effort to avoid the sanctions imposed upon him by the United States District Court of the Middle District of Florida, or 2) regarding or relating to the criminal misdemeanor stalking case filed against him on July 6, 2009 in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, wherein he was found guilty and sentenced, including but not limited to actions against the State of Florida, Sheriff Bob White, Pasco County Sheriff's Department, Major Brian Head, Detective Daniel Toner, Donna H. Newton, Daniel Diskey, Brian Aungst, Jr., Mary Flanerty, Wal-Mart Stores, Inc., James Schroder, Debra Roberts, Chris Sprowls, Lynda Barack, Sabrina Farides, Elain Horne, Laurie Norse, Stanley R. Mills, Elizabeth Kovachevich, Susan H. Black, J. L. Edmondson, and Steve E. Ibison.

## **Conclusion**

For the reasons set forth above, the Court hereby ORDERS that:

(1) The seven cases considered herein are screened and DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e).

(2) All pending motions are denied as moot.

1   (3) Plaintiff is ORDERED to SHOW CAUSE within <u>forty-five (45) days</u>, as stated above,

2   why the Court should not issue a pre-filing Order enjoining him from filing a complaint

3   1) in an effort to avoid sanctions imposed by the Middle District of Florida, or 2) related

4   to the criminal misdemeanor stalking case filed against him in Pasco County, Florida on

5   July 6, 2009.

6   Dated this 10th day of April 2014.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE